STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**23-347**


FREDA HEBERT AND MICHAEL HEBERT

VERSUS

PROFESSIONAL OUTSOURCE SERVICES, LLC
AND LAFAYETTE CITY-PARISH CONSOLIDATED
GOVERNMENT

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NUMBER C-20214820
HONORABLE JOHN E. CONERY, AD HOC

**********

SHARON DARVILLE WILSON
JUDGE

**********

Court composed of Jonathan W. Perry, Sharon Darville Wilson and Guy E.
Bradberry, Judges.


AFFIRMED.

**Darrell J. Loup**
**Jonathan D. Mayeux**
**Law Office of Darrell J. Loup, LLC**
**9270 Siegen Lane, Suite 601**
**Baton Rouge, Louisiana  70810**
**(225) 615-7887**
**Counsel for Plaintiffs/Appellants:**
     **Freda Hebert and Michael Hebert**

**Brad O. Price**
**The Price Law Firm**
**1930 Florida Avenue, South West**
**Denham Springs, Louisiana  70726**
**(225) 228-0025**
**Counsel for Plaintiffs/Appellants:**
     **Freda Hebert and Michael Hebert**

**Michael J. Remondet, Jr.**
**Sarah E. Lemoine**
**Jeansonne & Remondet**
**Post Office Box 91530**
**Lafayette, Louisiana  70509**
**(337) 237-4370**
**Counsel for Defendant/Appellee:**
     **Lafayette City-Parish Consolidated Government**

**Gregory Engelsman**
**301 North Main Street, Suite 2200**
**Baton Rouge, LA  70825**
**(225) 224-6865**
**Counsel for Defendants/Appellees:**
     **Professional Outsource Services, LLC and GuideOne National**
     **Insurance Company**

**WILSON, Judge.**

In this slip and fall case, Freda Hebert (Mrs. Hebert) and her husband, Michael Hebert, appeal the grant of summary judgment in favor of Lafayette City-Parish Consolidated Government (LCG) based on immunity under La.R.S. 29:735.

## I.

### ISSUE

Plaintiffs contend that the trial court committed legal error in granting LCG's motion for summary judgment based on the holding that La.R.S. 29:735 provides tort immunity to LCG as to Plaintiffs' claims in this case when: (1) LCG's alleged negligent act, *i.e.*, the faulty placement of the hand sanitizer dispenser at issue with no drip tray or rug to catch spillage, was not done in haste, but was done slowly and deliberately; and (2) LCG did nothing for over four months, from the time of its alleged negligence act until the time of Plaintiff's fall, to correct its alleged negligent act and waited until after the accident at issue to install drip trays and catch rugs.

## II.

### FACTS AND PROCEDURAL HISTORY

Mrs. Hebert is employed as a bailiff at the Fifteenth Judicial District Court in Lafayette, Louisiana. On October 13, 2020, she was assigned to Judge Michelle Breaux, who was presiding over a juvenile matter. While Mrs. Hebert was escorting a family from one courtroom to another, she slipped and fell allegedly as a result of hand sanitizer that had spilled on the terrazzo floor. A nearby podium was knocked down as she fell, and it landed on top of her.

Mrs. Hebert and her husband filed suit against Professional Outsource Service (POS), the company that sold the sanitizer dispenser; GuideOne National Insurance

Company, as the insurer of POS; and LCG. The Lafayette Parish Sheriff's Office (LPSO), as Mrs. Hebert's employer, intervened in the suit.

Claiming absolute immunity under the Louisiana Homeland Security and Emergency Assistance and Disaster Act, La.R.S. 29:721 et seq., LCG filed a motion for summary judgment. On March 3, 2023, Judge John E. Conery signed a judgment that granted LCG's motion and dismissed the Heberts' claims against LCG in their entirety. The judgment also dismissed the claims of the intervenor in their entirety. Further, the judgment sustained the Heberts' objections to POS' response to the motion for summary judgment, wherein POS indicated that they intended to argue the comparative fault of LCG if it were dismissed on summary judgment. This appeal followed. Finding that the Heberts did not show any genuine issue of material fact or that there was any exception to the tort immunity afforded by La.R.S. 29:735, we affirm the trial court's grant of summary judgment in favor of LCG and the dismissal of all claims against LCG with prejudice.

### III.

### STANDARD OF REVIEW

"Appellate courts review summary judgments *de novo* under the same criteria that govern the district court's consideration of whether summary judgment is appropriate." *Schroeder v. Bd. of Sup'rs of Louisiana State Univ.*, 591 So.2d 342, 345 (La.1991).

### IV.

### LAW AND DISCUSSION

Louisiana Revised Statutes 29:735(A)(1) provides:

> Neither the state nor any political subdivision thereof, nor other state agencies, nor, except in case of willful misconduct, the employees or representatives of any of them engaged in any homeland security and

2

emergency preparedness and recovery activities, while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter shall be liable for the death of or any injury to persons or damage to property as a result of such activity.

"Emergency Preparedness" is defined as "the mitigation of, preparation for, response to, and the recovery from emergencies or disasters." La.R.S. 29:723(6). It has been recognized that the legislative intent was "to immunize anyone performing emergency activity who is acting in good faith." La. Att'y Gen. Op. No. 08-0093 (7/24/08). "Thus, the State, its agencies, and political subdivisions are afforded complete immunity or injury . . . resulting from emergency preparedness activities." *Koonce v. St. Paul Fire & Marine Ins. Co.*, 15-31, p. 3 (La.App. 3 Cir. 8/5/15), 172 So.3d 1101, 1104, *writ denied*, 15-1950 (La. 11/30/15), 184 So.3d 36. The Louisiana Health Emergency Powers Act, La.R.S. 29:760 et seq., explicitly makes La.R.S. 29:735 applicable to public health emergencies such as the COVID-19 pandemic.

LCG claims that it is entitled to immunity pursuant to La.R.S. 29:735 because its installation of the hand sanitizer dispenser was in direct response to the declared state of emergency caused by the COVID-19 crisis. Once LCG showed that immunity applied, the burden shifted to the Heberts to show that genuine issues of material fact existed regarding any exception to immunity. La.Code Civ.P. art. 966. In this case, the Heberts concede that there was no willful misconduct by LCG and argue instead that LCG is not entitled to immunity because it acted so slowly in installing the dispensers that its actions cannot be said to be an emergency response.

The Heberts acknowledge that a statewide public health emergency was declared through Proclamation No. 25 JBE 2020 on March 11, 2020. But they contend that the hand sanitizer dispensers were not ordered until April 28, 2020, and not installed until June 30, 2020, even though they had been delivered on May 26,

3

2020. Brian Vincent (Vincent), the Facilities Manager for LCG, testified that LCG began talking about installing the dispensers but that he was not given any deadline within which to install the dispensers. Vincent also testified that they considered getting dispensers and sanitizers from Staples in March, but there were no touchless dispensers[1] in stock and an availability date could not be determined. Vincent stated that the purchasing department did obtain bottles of hand sanitizer and handed them out to the various departments but that dispensers were on backorder everywhere. And, although the Heberts attempt to make much of the delay between the arrival of the dispensers and the date they were installed, Vincent testified that they started installing the dispensers when they were received but the delay in installation of the ones at the courthouse was probably caused by the fact that they were being installed everywhere by minimal staff.

Mrs. Hebert testified that she would place paper towels on the floor and a garbage can underneath the dispensers to catch the leaking hand sanitizer and that the hand sanitizer had been leaking for so long that it had scarred the floor and taken the paint off the wall. She was attempting to show that LCG knew of the leakage and did nothing to correct the problem. But Mrs. Hebert also testified that she had never seen the dispenser in question leak and had not made any complaints about that particular dispenser. Mrs. Hebert was unable to say that the liquid on the floor was definitely sanitizer and could not say how liquid got on the floor. None of this testimony is relevant to whether LCG's is entitled to immunity.

We find that none of the arguments advanced by the Heberts present a genuine issue of material fact regarding LCG's entitlement to immunity pursuant to La.R.S.

---

[1] LCG ultimately purchased dispensers that were not touchless because Vincent was told that the touchless dispensers leaked too much and the refills were more expensive.

4

29:735.[2] The Heberts have presented no evidence to show that the actions of LCG were not "emergency preparedness activities" taken in response to a public health emergency. Furthermore, it is undisputed that at the time of Mrs. Hebert's accident, the State was still under an emergency declaration. Therefore, we find no error in the trial court's grant of summary judgment in this case.

## V.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of Lafayette City-Parish Consolidated Government, dismissing the Heberts' claims in their entirety with prejudice. All costs of this appeal are assessed to Appellants, Freda Hebert and Michael Hebert.

**AFFIRMED.**

---

[2] We also note LCG's arguments that the Heberts' opposition to the motion for summary was deficient and should be stricken and that some of the exhibits relied upon by the Heberts should not be considered because they are inadmissible hearsay, not based on personal knowledge, are non-expert opinion, or are a mischaracterization of testimony, such that they cannot create a genuine issue of material fact. These objections were made in the trial court, and when asked for a ruling on the objections, the trial court stated: "they're immaterial. The immunity statute applies so it doesn't really matter what the exhibits say. I didn't even read them. Once the immunity statute applies[,] then there's no factual issue[] that come[s] into play from the exhibits." We agree with the trial court.